UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FAINA DRAKE,

                Plaintiff,

                v.

TARGET STORES,

                Defendant.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**
11 CV 3011 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Faina Drake filed the above-captioned negligence action against Defendant Target Stores on May 12, 2011. After the close of discovery, Defendant moved for summary judgment. On June 11, 2012, the Court denied Defendant's motion for summary judgment, finding that a genuine issue of fact exists as to whether Defendant had constructive notice of the spilled liquid. (Docket No. 63, June 11, 2012 Memorandum & Order ("Memorandum & Order") at 6.) Defendant timely moved for reconsideration. For the reasons set forth below, Defendant's motion for reconsideration is denied.

**I. Discussion**

    **a. Standard of Review**

      The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995);

1

*see also* Local Rule 6.3 (The moving party must "set[ ] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."). "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hidalgo v. New York*, No. 11 Civ. 5074, 2012 WL 3598878, at *1 (E.D.N.Y. Aug. 20, 2012) (internal citations omitted)). A motion for reconsideration "should not be used as a vehicle simply to voice disagreement with the Court's decision, . . . nor does it present an occasion for repeating old arguments previously rejected or an opportunity for making new arguments that could have previously been made." *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (internal citations and quotations omitted).

    **b. Analysis**

Defendant argues that the "Court disregarded the sworn affidavits [of Nikita Carr and Sasia Dandridge] due to a simple omission on the incident report," (Def. Reconsid. Mem. 3), and that "the Court overlooked the law in light of the recent inspections of the area where plaintiff's accident occurred." (Def. Reconsid. Reply 1.) In denying Defendant's motion for summary judgment, the Court found a genuine issue of fact existed as to whether Defendant had constructive notice of the spilled liquid. (Memorandum & Order 6.) Defendant claimed, as it does repeatedly in the instant motion, that the uncontroverted evidence—namely, the sworn affidavits of Carr and Dandridge—established that the suspect area was inspected fifteen and five minutes before Plaintiff's accident. *Id.* at 5. However, the Court found that an issue of fact existed as to whether the inspections occurred, in light of inconsistencies between the incident report Carr completed contemporaneously and subsequent affidavits submitted by Carr and Dandridge. *Id.*

Defendant now seeks a "second bite of the apple" in order to address the inconsistencies between the incident report and the affidavits of Carr and Dandridge. Specifically, Defendant submits a supplemental affidavit from Carr, explaining why she failed to indicate on the incident report that the area had been inspected within the last 30 minutes.[1] (Def. Aff. Reconsid. Ex. H ("Carr Suppl. Aff.").) Defendant's attempt to repeat previously-advanced arguments based on a newly-submitted affidavit is not a proper basis for reconsideration. *Rafter v. Liddle*, 288 Fed. App'x 768, 769 (2d Cir. 2008) ("While [the plaintiff] attached an affidavit to her reconsideration motion that contained certain facts not in the original record, such motions are not vehicles for taking a 'second bite at the apple,' and we do not consider facts not in the record to be facts that the court 'overlooked.'" (internal citations omitted)); *see also Pearson Educ., Inc. v. Frances*, No. 11 Civ. 6081, 2012 WL 2930218, at *1 (S.D.N.Y. July 17, 2012) *(*A movant is generally precluded from "advancing new facts, issues or arguments not previously presented to the court.").

Next, Defendant argues, relying on *Tucci v. Stewart's Ice Cream Co., Inc.*, 742 N.Y.S.2d 60 (App. Div. 2002), that the inconsistency between the inspection report and affidavits cannot defeat summary judgment. (Def. Reconsid. Mem. 5.) This argument is not a proper basis for reconsideration because it could have been raised in Defendant's summary judgment motion but was not. *See Premium Sports*, 2012 WL 2878085, at *1. Regardless, the argument is without merit. In *Tucci*, an employee indicated on an incident report that the condition of the floor was "wet" at the time of the accident but later testified that the floor was "dry." *Tucci*, 742 N.Y.S.2d

---

[1] The Court notes that, according to Carr's most recent affidavit, her failure to indicate that an inspection had occurred was not an "omission," as Defendant argues, but was intentional because Carr was not aware of any "Team Members" that had inspected the area within the prior 30 minutes. (Carr Suppl. Aff. ¶¶ 3–4.) Whether or not Carr's proffered explanation should be credited is a question of fact for the jury.

at 62. Although the Appellate Division recognized that the testimony was inconsistent, the court found that, even if the incident report was accurate and the floor was wet, the wet floor at the time of the accident could not establish constructive notice. *Id.* In other words, the Appellate Division found that even if the incident report was accurate, the plaintiff still had not established constructive notice. In contrast, the inconsistency in this action bears directly on the issue of constructive notice. A jury could infer from the incident report that no inspection of the area occurred in the thirty minutes prior to the accident and that the testimony of Carr and Dandridge is not credible. A jury could then conclude that based on the testimony of Plaintiff and her sister regarding footprints and wheel marks and the absence of credible evidence of prior inspections, the spill existed for a sufficient length of time to establish constructive notice.

Finally, Defendant argues that because the undisputed evidence establishes that Target employees inspected the area five and fifteen minutes prior to the accident, Plaintiff's testimony regarding the footprints and wheel marks is too speculative to establish constructive notice. (Def. Reconsid. Mem. 6.) As the Court has found an issue of fact exists as to whether or not the inspections occurred, the Court need not address this argument.

## II. Conclusion

For the foregoing reasons, Defendant's motion for reconsideration is denied. The parties are directed to file a joint pre-trial order within fourteen (14) days of this Order.


SO ORDERED:

      s/MKB
MARGO K. BRODIE
United States District Judge

Dated: August 30, 2012
      Brooklyn, New York